ACCEPTED
04-14-00728-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/31/2015 8:43:42 AM
KEITH HOTTLE
CLERK

**NO. 04-14-00728-CR**

**IN THE COURT OF APPEALS FOR THE
FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

3/31/2015 8:43:42 AM

KEITH E. HOTTLE
Clerk

————————————————————

**AGHIL ANSARI,**
*Appellant*


**v.**


**THE STATE OF TEXAS,**
*Appellee*

————————————————————

**ON APPEAL FROM COUNTY COURT-AT-LAW NO. 13
OF BEXAR COUNTY, TEXAS
CAUSE NUMBER 386397**

————————————————————

**BRIEF FOR THE STATE**

————————————————————


**NICHOLAS "NICO" LaHOOD**
**Criminal District Attorney**
**Bexar County, Texas**


**ANDREW N. WARTHEN**
**Assistant Criminal District Attorney**
**Bexar County, Texas**
**Paul Elizondo Tower**
**101 W. Nueva Street**
**San Antonio, Texas 78205**
**Phone: (210) 335-2872**
**Email: awarthen@bexar.org**
**State Bar No. 24079547**
*Attorneys for the State of Texas*


**<ins>ORAL ARGUMENT WAIVED</ins>**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.2(a), the appellee supplements the appellant's list of parties as follows:


**APPELLATE STATE'S ATTORNEY**

**Andrew N. Warthen**
State Bar No. 24079547
Assistant Criminal District Attorney
Paul Elizondo Tower
101 W. Nueva Street
San Antonio, Texas 78205
(210) 335-2872
awarthen@bexar.org

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL                                    2

INDEX OF AUTHORITIES                                                 5

STATEMENT OF THE CASE                                               7

ISSUES PRESENTED                                                    7

*APPELLANT'S FIRST ISSUE*
The trial court erred when it overruled Mr. Ansari's request for an additional preemptory challenge, because he was forced to have an objectionable venire member on the jury as the result of the trial court's erroneous denial of a challenge for cause.

*APPELLANT'S SECOND ISSUE*
The trial court erred when it overruled Mr. Ansari's objection, because the State's failure to disclose an email from Shideh Sharifi and Zahra Mahmoodi to the attorney for the State was a violation of *Brady v. Maryland*.

*APPELLANT'S THIRD ISSUE*
The trial court erred when it refused Mr. Ansari's requested jury charge, because the charge given by the trial court permitted the jury to return a non-unanimous verdict.

*APPELLANT'S FOURTH ISSUE*
The written judgment in this case incorrectly states that Appellant's fine was to be executed, while the oral pronouncement of sentence probated part of the fine. This Honorable Court should modify the written judgment to reflect the oral pronouncement.

***STATE'S RESPONSE TO APPELLANT'S FIRST ISSUE***
**To suffer harm from the use of a preemptory challenge, the trial court must first erroneously deny a challenge for cause of an objectionable juror. Here, the juror at issue was not challengeable for cause because she repeatedly stated that she could place her personal experiences aside and fairly evaluate the evidence at hand. Therefore, the trial court did not abuse its sound discretion.**

*STATE'S RESPONSE TO APPELLANT'S SECOND ISSUE*
**To violate the protections of *Brady v. Maryland*, the State must first withhold evidence. Here, the State did not withhold any evidence. Appellant received the email in question and was able to use it to ask impeaching questions of the State's main witnesses. That he did not does not mean that a violation of *Brady* occurred. Therefore, appellant is not entitled to a new trial.**

*STATE'S RESPONSE TO APPELLANT'S THIRD ISSUE*
**Even if there is jury-charge error and appellant preserved the issue, he must still suffer some harm from the error. Here, looking at the evidence, the jury was faced with an all-or-nothing decision where it either had to believe the victim and her daughter or appellant. It could not believe both. Because the verdict shows that it clearly believed appellant was guilty, he suffered no harm.**

*STATE'S RESPONSE TO APPELLANT'S FOURTH ISSUE*
**To the extent reformation of the judgment is necessary, the State concedes this point of error. The judgment should be read as probating $1,000 of appellant's $1,500 fine.**

STATEMENT OF FACTS     8

SUMMARY OF THE ARGUMENT     9

ARGUMENT     10

PRAYER FOR RELIEF     22

CERTIFICATE OF COMPLIANCE AND SERVICE     23

# INDEX OF AUTHORITIES

Page

Tex. Penal Code Ann. § 1.07      12

Tex. Penal Code Ann. § 22.01      12

Tex. Code Crim. Proc. art. 35.16      10

Tex. Code Crim. Proc. art. 36.14      17

Tex. Code Crim. Proc. art. 36.15      17

Tex. Code Crim. Proc. art. 36.19      17

Tex. R. Evid. 901      16

*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985)      16-17, 20

*Arrington v. State*, 451 S.W.3d 834,
No. PD-1448-13, 2015 Tex. Crim. App. LEXIS 15
(Tex. Crim. App. Jan. 14, 2015)      18-19

*Brady v. Maryland*, 373 U.S. 83 (1963)      13-14

*Chambers v. State*, 866 S.W.2d 9 (Tex. Crim. App. 1993)      10

*Comeaux v. State*, 445 S.W.3d 745 (Tex. Crim. App. 2014)      10

*Cosio v. State*, 353 S.W.3d 766 (Tex. Crim. App. 2011)      17

*Davis v. State*, 329 S.W.3d 798 (Tex. Crim. App. 2010)      10-11

*Ex parte Kimes*, 872 S.W.2d 700 (Tex. Crim. App. 1993)      14

*Gardner v. State*, 306 S.W.3d 274 (Tex. Crim. App. 2009)      11

*Hampton v. State*, 86 S.W.3d 603 (Tex. Crim. App. 2002)      14

*In re M.P.*, 126 S.W.3d 228
(Tex. App.—San Antonio 2003, no pet.)      20

*Jordan v. State*, 897 S.W.2d 909
(Tex. App.—Fort Worth 1995, no pet.)      14

*Ngo v. State*, 175 S.W.3d 738 (Tex. Crim. App. 2005)      16

*Pena v. State*, 353 S.W.3d 797 (Tex. Crim. App. 2011)      14, 16

*Ruiz v. State*, 272 S.W.3d 819 (Tex. App.—Austin 2008, no pet.)      19

*Villarreal v. State*, No. PD-0332-13,
2015 Tex. Crim. App. LEXIS 136
(Tex. Crim. App. Feb. 4, 2015)      16-17

## BRIEF FOR THE STATE

To the Honorable Fourth Court:

Now comes, Nicholas "Nico" LaHood, Criminal District Attorney of Bexar County, Texas, and files this brief for the State.

## STATEMENT OF THE CASE

The State accepts appellant's Statement of the Case.

## ISSUES PRESENTED

*APPELLANT'S FIRST ISSUE*
The trial court erred when it overruled Mr. Ansari's request for an additional preemptory challenge, because he was forced to have an objectionable venire member on the jury as the result of the trial court's erroneous denial of a challenge for cause.

*APPELLANT'S SECOND ISSUE*
The trial court erred when it overruled Mr. Ansari's objection, because the State's failure to disclose an email from Shideh Sharifi and Zahra Mahmoodi to the attorney for the State was a violation of *Brady v. Maryland*.

*APPELLANT'S THIRD ISSUE*
The trial court erred when it refused Mr. Ansari's requested jury charge, because the charge given by the trial court permitted the jury to return a non-unanimous verdict.

*APPELLANT'S FOURTH ISSUE*
The written judgment in this case incorrectly states that Appellant's fine was to be executed, while the oral pronouncement of sentence probated part of the fine. This Honorable Court should modify the written judgment to reflect the oral pronouncement.

***STATE'S RESPONSE TO APPELLANT'S FIRST ISSUE***
**To suffer harm from the use of a preemptory challenge, the trial court must first erroneously deny a challenge for cause of an objectionable juror. Here, the juror at issue was not challengeable for cause because she repeatedly**

stated that she could place her personal experiences aside and fairly evaluate the evidence at hand. Therefore, the trial court did not abuse its sound discretion.

*STATE'S RESPONSE TO APPELLANT'S SECOND ISSUE*
To violate the protections of *Brady v. Maryland*, the State must first withhold evidence. Here, the State did not withhold any evidence. Appellant received the email in question and was able to use it to ask impeaching questions of the State's main witnesses. That he did not does not mean that a violation of *Brady* occurred. Therefore, appellant is not entitled to a new trial.

*STATE'S RESPONSE TO APPELLANT'S THIRD ISSUE*
Even if there is jury-charge error and appellant preserved the issue, he must still suffer some harm from the error. Here, looking at the evidence, the jury was faced with an all-or-nothing decision where it either had to believe the victim and her daughter or appellant. It could not believe both. Because the verdict shows that it clearly believed appellant was guilty, he suffered no harm.

*STATE'S RESPONSE TO APPELLANT'S FOURTH ISSUE*
To the extent reformation of the judgment is necessary, the State concedes this point of error. The judgment should be read as probating $1,000 of appellant's $1,500 fine.

## STATEMENT OF FACTS

The State challenges the factual assertions contained in appellant's brief. *See* TEX. R. APP. P. 38.2(a)(1)(B). The State will supply supplemental pertinent facts supported with record references within its response to appellant's points of error. The Reporter's Record will be referenced as "RR," followed by the respective volume number. The Clerk's Record will be referenced as "CR." Exhibits will be referenced as "Ex.," followed by their respective number.

## SUMMARY OF THE ARGUMENT

With the exception of appellant's fourth point of error, which the State concedes if correction is needed, the judgment of the trial court should be affirmed. The trial court did not abuse its discretion when it denied appellant's challenge for cause against a specific venire member. Therefore, appellant did not suffer harm when he used a preemptory challenge on that juror. Moreover, the State did not withhold the evidence that appellant claims that it did. Appellant had full access and use of the evidence, which was inadmissible in any event. Therefore, there was no violation of *Brady v. Maryland*. Finally, while the trial court did commit jury-charge error, and appellant did preserve that issue, he nonetheless suffered no harm from the error. Because of the particular evidence presented at trial, it would not have mattered if the jury received an incident-unanimity instruction because it was faced with an all-or-nothing decision where it had to either believe the victim and her daughter or appellant. No other conclusion was possible. Because it would have come to the same conclusion in any event, appellant suffered no harm. Thus, with a slight reformation of the judgment, the trial court should be affirmed.

**ARGUMENT**

## I. The trial court did not abuse its sound discretion when it denied appellant's challenge for cause against Juror #13.

### a. Applicable law and standard of review

As appellant points out, the issue in this case is whether the trial court erred when it denied his challenge for cause for bias on Juror #13. Bias against the defendant or the law applicable of the case are proper reasons to grant a challenge for case against a venire member. Tex. Code Crim. Proc. Ann. art. 35.16(a)(9), (c)(2) (West 2015). "If a trial judge errs in overruling a challenge for cause against a venire member, then a defendant is harmed if he uses a peremptory strike to remove the venire member and thereafter suffers a detriment from the loss of the strike." *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010).[1] The record is clear that appellant was denied additional peremptory strikes. Thus, "[t]o demonstrate harm, appellant must show that the trial court erroneously denied one challenge for cause." *Id*. (citing *Chambers v. State*, 866 S.W.2d 9, 23 (Tex. Crim. App. 1993)).

---

[1] In *Comeaux v. State,* 445 S.W.3d 745, 749 (Tex. Crim. App. 2014), the Court of Criminal Appeals fleshed out in more detail exactly what a defendant must do to show harm in a challenge for cause. Citing to *Davis*, 329 S.W.3d at 807, the state high court stated that to "establish harm for an erroneous denial of a challenge for cause, the defendant must show on the record that (1) he asserted a clear and specific challenge for cause; (2) he used a peremptory challenge on the complained-of venire member; (3) his peremptory challenges were exhausted; (4) his request for additional strikes was denied; and (5) an objectionable juror sat on the jury." *Comeaux*, 445 S.W.3d at 749. It was previously unclear if that was the test for preservation or for harm, but the *Comeaux* court made clear that it is a test for harm. *Id*. at 747. The State concedes that these steps were taken by appellant in the court below. But, as the *Davis* and *Comeaux* courts made clear, to show harm there must first be an *erroneous* denial of a challenge for cause. *Id*. at 749. Accordingly, this brief focuses on whether the trial court's denial of appellant's challenge for cause on the grounds of bias was in error.

When appraising a trial court's decision to deny a challenge for cause, a reviewing court looks at the entire record to determine if there is sufficient evidence to support the ruling. *Id.* "The test is whether a bias or prejudice would substantially impair the venire member's ability to carry out the juror's oath and judicial instructions in accordance with the law." *Id.* (citing *Gardner v. State*, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009)). "Before venire members may be excused for cause, the law must be explained to them, and they must be asked whether they can follow that law, regardless of their personal views." *Id.* "The proponent of a challenge for cause has the burden of establishing that the challenge is proper." *Id.* "The proponent does not meet this burden until he has shown that the venire member understood the requirements of the law and could not overcome his or her prejudice well enough to follow the law." *Id.*

A reviewing court examines a trial court's ruling on a challenge for cause with considerable deference because the trial judge is in the best position to evaluate a venire member's demeanor and responses. *Id.* "A trial judge's ruling on a challenge for cause may be reversed only for a clear abuse of discretion." *Id.* When a venire member's answers are vacillating, unclear, or contradictory, a reviewing court accords particular deference to the trial court's decision. *Id.*

*b. Appellant did not meet his burden of demonstrating that Juror #13 was biased*

Appellant contends that Juror #13 was biased because she stated that she had previously been abused by her boyfriend and, because that abuse did not always result in visible injuries, she would not necessarily be persuaded that a lack of visible injuries in photographs meant that no abuse occurred. That is not bias against either the defendant or the law. Assault causing bodily injury under § 22.01(a)(1) of the Penal Code requires a showing that the defendant caused bodily injury, and "bodily injury" is defined in the Penal Code as "physical pain, illness, or any impairment of physical condition." Tex. Penal Code Ann. § 1.07(a)(8) (West 2015). No visible injury is required. Moreover, jurors are allowed to rely on their common sense and experiences when evaluating the weight of evidence and the credibility of witnesses. Thus, any juror, whether previously abused or not, could legally conclude that bodily injury occurred even though no physical marks could be shown in photographs. That such a common sense conclusion would not help appellant's case does not mean that such a juror was biased.

Moreover, Juror #13 repeatedly stated that she would be able to put her personal experiences with abuse aside, not holding them against appellant and following the law. First, Juror #13 voluntarily—that is, without being prompted by either side—said, "I could try to put it aside if need be." (RR2 64.) When pressed by the State for a yes-or-no answer to the question of whether she could put her

12

past experiences aside when judging the facts, credibility of the witnesses, and coming to a conclusion on guilt or innocence, Juror #13 unequivocally stated, "Yes, I could. I would look at the facts and only the facts." (RR2 64.) Shortly thereafter, defense counsel asked if her past abuse would color her judgment, to which Juror #13 answered, "No. I could put it aside." (RR2 65.)

The trial court clearly did not abuse its discretion when it denied appellant's challenge for cause on the grounds that Juror #13 was biased. Nothing Juror #13 said about not needing to see visible injuries was in contradiction to the law. Moreover, Juror #13 was clear that she could place her past experiences aside and fairly judge the evidence as presented in the case. Appellant claims that her bias showed, but the trial judge was able to observe Juror #13 and felt that she would not be biased. Therefore, the trial court did not erroneously deny appellant's challenge for cause and, thus, appellant suffered no harm when he used a preemptory challenge on Juror #13. Therefore, appellant's first point of error should be overruled.

## II. There was no violation of *Brady v. Maryland*.

### a. Applicable law and standard of review

The United States Supreme Court in *Brady v. Maryland* held "'that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment,

irrespective of the good faith or bad faith of the prosecution.'" *Pena v. State*, 353 S.W.3d 797, 809 (Tex. Crim. App. 2011) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). The Court of Criminal Appeals has held that to find reversible error under *Brady* and its progeny, "a defendant must show that (1) the State failed to disclose evidence, regardless of the prosecution's good or bad faith; (2) the withheld evidence is favorable to him; (3) the evidence is material, that is, there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different." *Id*. (citing *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002)). Additionally, the evidence central to the *Brady* claim must be admissible in court. *Id*. (citing *Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993)).

    b. *The State did not withhold the evidence*

It is difficult to understand what appellant is complaining about because he clearly had access to the evidence at issue. It is true that the State's trial counsel was mistaken that the work-product privilege overcame the State's duty to disclose. *See, e.g.*, *Jordan v. State*, 897 S.W.2d 909, 915 (Tex. App.—Fort Worth 1995, no pet.) (stating that "the State has no right to use the work-product doctrine as a shield against disclosure of anything exculpatory in nature or mitigating in favor of the defendant"). But that does not change the fact that appellant did receive a copy of the email in question from the State and was therefore able to use

14

it as part of his defense by asking impeaching questions of either appellant's wife, Zahra Mahmoodi, or his step-daughter, Shideh Sharifi. He simply chose to not do that.

As appellant states, even if the email itself could not be authenticated and admitted into evidence,[2] he could still use it to impeach either Mahmoodi or Sharifi after they claimed to be in fear of appellant. Not being able to show or admit the email did not stop appellant from questioning either woman about whether they had given inconsistent statements in the past. But when appellant began to question Sharifi on this very point (RR3 86), he gave up after he was denied the chance to actually show her the email. That is, he could have attempted to ask more questions on that point, but did not. Appellant did not even ask for a continuance to study the email or develop further questions. It is hard to see what appellant would ask at a new trial based on that email that he did not already have ample opportunity to ask, but did not, in his original trial. Appellant is, therefore, not entitled to a new trial.

### c. The email itself was inadmissible

Appellant never attempted to move the email into evidence for impeachment or any other reason, other than for the purposes of the Bill of Exception. But even

---

[22] Other than doing so for the limited purpose of the Bill of Exception hearing (RR4), appellant never moved to admit the email into evidence for impeachment or any other reason, nor did he object to the trial court's denial of his opportunity to show the email to Sharifi (RR3 87.)

15

if he had, from what we know from the Bill of Exception hearing, it was unlikely to be admitted.

To violate *Brady*, the evidence in question must be admissible in court. *Pena*, 353 S.W.3d at 809. To be admitted, a document must be authenticated. *See* Tex. R. Evid. 901. The email would likely not be authenticated.

The email was sent in both Mahmoodi and Sharifi's names. (Def.'s Ex. 7.) But Mahmoodi barely knew English. As a result, it was generally accepted that, if either woman wrote it, Sharifi was the likely author. At the Bill of Exception hearing, when asked if Sharifi recognized the email, she stated, "No." (RR4 4.) She then said that she could not remember sending that email to the State. (RR4 4.) When asked if she lied to the State about not being afraid of appellant, Sharifi replied that she did not remember saying such a thing. (RR4 4.) Thus, even if appellant had attempted to admit the email into evidence, he would not have been able to because of a lack of authentication. Therefore, there was no *Brady* violation. Appellant's second point of error should be overruled.

## III.  Appellant suffered no harm from the trial court's jury-charge error.

### a. Applicable law and standard of review

A reviewing court's "first duty in analyzing a jury-charge issue is to decide whether error exists." *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error is found, then the reviewing court must "next determine whether that error

requires reversal based on the test set forth in *Almanza* [*v. State,* 686 S.W.2d 157 (Tex. Crim. App. 1985)]." *Villarreal v. State*, No. PD-0332-13, 2015 Tex. Crim. App. LEXIS 136, at *7 (Tex. Crim. App. Feb. 4, 2015). "Under *Almanza*, the degree of harm required for reversal depends on whether the error was preserved in the trial court." *Id*. at *7-8. If the error in the charge was properly preserved in the trial court, "then reversal is required if the error is calculated to injure the rights of defendant, which means no more than that there must be *some* harm to the accused from the error." *Almanza*, 686 S.W.2d at 171 (quotation marks from original omitted); *see also* Tex. Code Crim. Proc. Ann. art. 36.19 (West 2015). "In other words, an error which has been properly preserved . . . will call for reversal as long as the error is not harmless." *Almanza*, 686 S.W.2d at 171. Whether preserved or not, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id*.

The State concedes that the trial court erred when it denied appellant's requested incident-unanimity instruction. *See, e.g.*, *Cosio v. State*, 353 S.W.3d 766, 771-72 (Tex. Crim. App. 2011) (holding that the jury must agree upon a single and discrete incident that would constitute the commission of the offense alleged and laying out three different scenarios where a jury can return a non-

17

unanimous verdict). Moreover, appellant properly preserved this issue for review. *See* Tex. Code Crim. Proc. Ann. arts. 36.14, 36.15 (West 2015).

### b. *Appellant suffered no harm*

In the court below, the jury heard testimony from both Mahmoodi and Sharifi that appellant assaulted Mahmoodi. Mahmoodi testified as to three different incidents and Sharifi testified as to two. For his part, appellant waived his rights and testified. He denied ever assaulting Mahmoodi, or anyone else, the day in question. Appellant's theory of the case was that Mahmoodi was lying about the assaults, and her motivation for that lie was that she wanted to receive lawful permanent residency in the United States under the Violence Against Women Act after appellant had previously threatened to not sponsor her visa anymore. Appellant even called in an immigration attorney to testify as an expert on immigration law. (RR5 53.) Closing arguments focused the jury's attention on the he-said-she-said nature of the case and Mahmoodi's motivations. (RR627-44.) That is, the two sides, appellant and the State, requested that the jury make an all-or-nothing decision concerning the evidence. The jury could not believe both stories.

A similar situation arose in *Arrington v. State*, 451 S.W.3d 834, No. PD-1448-13, 2015 Tex. Crim. App. LEXIS 15 (Tex. Crim. App. Jan. 14, 2015). In that case, this court evaluated whether harm resulted where there was no incident-

unanimity instruction. This court reversed the conviction finding harm in part based on the testimonies at trial. The victim had accused Arrington of several incidences of sexual assault. Arrington denied those allegations in full. The evidence at trial, thus, resulted in a "he said, she said" between the two stories. *Id.* at \*20. Moreover, the victim's mother had previously accused Arrington of rape, and, thus, Arrington claimed that the victim's motivation in accusing him was borne from her mother prompting her to tell lies against him. *Id.* at \*21-22.

The Court of Criminal Appeals reversed this court stating that it "failed to consider the entire record that shows that the jury disbelieved [Arrington's] defensive evidence." *Id.* at \*21. The state high court likened Arrington's case to *Ruiz v. State*, 272 S.W.3d 819 (Tex. App.—Austin 2008, no pet.), where the court did not find egregious harm because Ruiz argued that he was completely innocent of all the allegations, not just some of them, and that his accuser was lying to get revenge on him. *Id.* at \*21. Likewise, Arrington "denied that he had ever seen [the victim] naked or that he had any inappropriate sexual contact with her." *Id.* He also claimed the victim's mother pressured her to lie. *Id.* at \*21-22. The *Arrington* court then stated, "If the jury had believed appellant's testimony, then it would have found him not guilty of all of the counts of sexual abuse. Instead, in finding him guilty of all but one of the numerous counts of sexual abuse, the jury necessarily disbelieved appellant's defensive evidence." *Id.* at \*22.

19

Admittedly, this case is different from *Arrington* because there the Court of Criminal Appeals was evaluating the evidence for egregious harm because Arrington did not preserve the jury-charge issue at trial, whereas, here, appellant did. But that does not mean that appellant suffered some harm requiring reversal. Looking at "the state of the evidence, including the contested issues and weight of probative evidence," *Almanza*, 686 S.W.2d at 171, the evidence in this case, as in *Arrington*, boiled down to an all-or-nothing decision for the jury. Either it believed that Mahmoodi and Sharifi were telling the truth or it believed appellant's story that they were lying because of Mahmoodi's motivation to receive lawful permanent residency under the Violence Against Women Act. It could not have believed both. Moreover, looking at the arguments of counsel, *see id.*, the jury was told by both sides to make an all-or-nothing decision based on two incompatible stories. Therefore, because it obviously believed Mahmoodi and Sharifi's version of events, it would have found appellant guilty in any event. Because the same outcome would have resulted no matter if the incident-unanimity instruction had been given or not, appellant has suffered no harm.[3]

---

[3] *But see In re M.P.*, 126 S.W.3d 228 (Tex. App.—San Antonio 2003, no pet.) (holding otherwise).

**IV. The State agrees that the judgment should be reformed, if necessary.**

After reviewing the record, the State agrees that there is a variance between the oral pronouncement of sentence and the sentence in the written judgment. (RR6 47-48; CR 135.) The State only points out that at the top of the written judgment it clearly says that $1,000 of the fine is to be probated (CR 135), and does so again on the top of the next page. (CR 136.) But appellant is correct that in the middle of the written judgment there is a variance. (CR 135.)

Thus, to the extent it is necessary to do so, the State agrees that this court can and should reform the judgment to probate $1,000 of appellant's $1,500 fine. Therefore, appellant's fourth point of error should be sustained.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, with the exception that the judgment should be REFORMED to reflect the trial court's oral pronouncement probating $1,000 of the fine, the State of Texas submits that the judgment of the trial court should, in all other respects, be AFFIRMED.

Respectfully submitted,

Nicholas "Nico" LaHood
Criminal District Attorney
Bexar County, Texas


___/s/_____
Andrew N. Warthen
Assistant Criminal District Attorney
Bexar County, Texas
Paul Elizondo Tower
101 W. Nueva Street
San Antonio, Texas 78205
Phone: (210) 335-2872
Email: awarthen@bexar.org
State Bar No. 24079547
*Attorneys for the State*

## CERTIFICATE OF COMPLIANCE AND SERVICE

I, Andrew N. Warthen, herby certify that the total number of words in appellee's brief is 3,635. I also certify that a true and correct copy of the above and forgoing brief was emailed to attorney for appellant Aghil Ansari, Michael D. Robbins, Assistant Public Defender, at mrobbins@bexar.org, on this the 31st day of March, 2015.

_____/s/_____
Andrew N. Warthen
Assistant Criminal District Attorney

*Attorney for the State*